MARGARET B. CRANE AND JOHN J. CRANE, EXECUTORS OF THEODORE CRANE, DECEASED, RESPONDENTS, *v.* ROBERT T. TURNER, APPELLANT.

*Mortgage — executed before execution of deed of premises covered thereby — when valid — such mortgage recordable before execution of deed — Subsequent mortgagee, having notice of the mortgageable interest, bound to search the record.*

Where, at the date of a mortgage, the mortgagor had a mortgageable interest (being in possession of the premises under a parol contract of sale), such mortgage is legally recordable, though the mortgagor had not then acquired the absolute fee ; and the holder of a subsequent mortgage is bound thereby.

While, as a general rule, a purchaser is not bound to search the records for incumbrances as against a title not appearing by the records, yet the rule is not applicable where he has actual notice of the existence of a mortgageable estate, in the person against whom the search is made, prior to the date of the evidence of such person's title to an absolute fee, and the law charges him with notice that this estate was mortgageable, and if mortgaged, that the mortgage might have been recorded, and his own mortgage is therefore a subsequent lien thereto.

APPEAL from a judgment entered, on a decision at Special Term. The facts in the case were, that on February 18, 1865, Ethan A. Pierce purchased a farm in Truxton, New York, by parol, and immediately entered into possession thereof, paying part of the purchase-price. March 21, 1865, Pierce executed a mortgage to Aurora O. Pierce, which was recorded October 12, 1865. October 31, 1865, the farm was conveyed to Ethan A. Pierce, by a deed which was recorded February 17, 1866; which deed recited that Pierce had been in possession of the farm since February 18, 1865, under a contract for its purchase. March 12, 1868, Aurora O. Pierce assigned said mortgage to the plaintiff's testator, which assignment was recorded September 28, 1871. January 28, 1870, Ethan A. Pierce conveyed the premises to his son, J. Dennison Pierce, and took back a mortgage which was recorded February 3, 1870. J. Dennison Pierce had notice of the existence of the mortgage to Aurora O. Pierce. August 1, 1870, Ethan A. Pierce assigned the mortgage given by

J. Dennison Pierce, to Robert T. Turner, which assignment was recorded October 17, 1871. Turner searched the records back to the date of Ethan A. Pierce's deed, read it and had actual knowledge of its contents. He inquired of Ethan A. Pierce if the mortgage executed by J. Dennison was the first lien, and· was informed that it was. He made no other inquiry, and neglected to search the records back to February 18, 1865, the date, since which he was informed by Ethan A. Pierce's deed, that Pierce had been in possession under a· contract of purchase. Turner paid a full consideration, upon his purchase of the mortgage executed by J. Dennison Pierce, and had no actual knowledge of the existence of the plaintiff's mortgage. The question litigated was: Which mortgage was the prior lien?

The following is the opinion delivered at Special Term, and referred to in opinion of BOCKES, J., below:

FOLLETT, J. Any present interest, legal or equitable, in real or personal property, which can be the subject of a sale, may be the subject of a mortgage (1 Hilliard on Mortgages, chap. 1, § 4; 4 Kent's Com., 144). At the date of the execution of the plaintiff's mortgage by Ethan A. Pierce, said Pierce was in possession of this farm under a parol contract of purchase, having paid a part of the purchase-price (which contract afterwards was decreed to be and was performed), and Pierce was therefore possessed of a defeasible estate of inheritance in the farm. This estate could have become the subject of a sale; it was devisable, or in case of the death of Pierce intestate, would have descended to his heirs; and was therefore mortgageable.

Plaintiff's mortgage was a " conveyance " within the thirty-eighth section of chapter 3, of part 2 of the Revised Statutes. The mortgagee was a purchaser within the thirty-seventh section, and the estate mortgaged was " real estate or any portion thereof," within the first and thirty-sixth sections; and, for these reasons, the mortgage was, at the date of its record, legally recordable, though the mortgagor had not then acquired the absolute fee, and though the evidence of his title to a less estate· had not then been executed; and the plaintiff's mortgage was *duly* recorded as against the defendant Turner, claiming under the same title.

Section 1 of the recording act provides that: "Every conveyance of real estate * * * shall be recorded, * * * and every conveyance not so recorded shall be void, as against any subsequent purchaser in good faith and for valuable consideration, of the same real estate or any portion thereof, whose conveyance shall be first duly recorded."

"If," in the language of Chancellor KENT, in *Parkist* v. *Alexander* (1 Johns., 398), "this does not mean that a mortgage duly recorded shall be preferred to a subsequent *bona fide* deed without notice, it is senseless and idle, and worse than idle — it is delusive, and a snare to the unwary."

This case arose under the act of 1801 (1 Rev. Laws 1801, 480), and *Johnson* v. *Stagg* (2 Johns., 510), arose under the act of 1788 (2 Jones & Varick, 266), yet, as to the question here involved, there is no difference in principle between either of these acts and the Revised Statutes; and it must be held that the plaintiff's mortgage is the prior lien.

But it is not necessary to place the conclusion arrived at solely upon the foregoing grounds. While it is true, as a general rule, that a purchaser is not bound to search the records for incumbrances as against a title not appearing by the records (*Cook* v. *Travis*, 20 N. Y., 402; *Losey* v. *Simpson*, 3 Stockton, 246; Gerard's Titles to Real Estate, 593), still this is not an universal rule, and is not applicable when the purchaser has *actual notice* of the existence of a mortgageable estate, in the person against whom the search is made, prior to the date of the evidence of such person's title to the absolute fee, as in this case. Turner personally searched the records back to and found the deed to Ethan A. Pierce, which recited that Pierce had been in possession of the farm since February 18, 1865 (a date prior to the date of plaintiff's mortgage), under a contract for its purchase; and upon his cross-examination, Turner testified as follows:

Q. "You found a conveyance to Ethan A. Pierce, I suppose?" A. "I did; yes, sir."

Q. "And you knew, by the recitation in that, that he had been in possession since the preceding February?" A. "Yes, sir; I knew whatever the deed recited."

Thus, by this recital, having *actual notice* that Pierce had been

possessed of this estate in the farm since February 18, 1865, and the law charging Turner with notice that this estate was mortgageable, and that, if mortgaged, the mortgage might have been legally recorded, he was bound by the record of the plaintiff's mortgage and the recital; and his own mortgage is a subsequent lien to the mortgage of the plaintiff.

But, conceding that the record of the plaintiff's mortgage, together with the recital, do not amount to a statutory or constructive notice, yet it was sufficient to have put Turner upon inquiry. He was apprised that Pierce had possessed a mortgageable estate since February 18, 1865, and he was bound to inquire diligently in the direction most likely to afford information; and it was not due diligence to stop short at the date of Ethan A. Pierce's deed in his search of the records, and then only inquire of Ethan A. Pierce, the person who was then interested in selling this second mortgage and making it appear a first lien. If, January first, a grantee receives a deed and enters into possession, but neglects to record the deed, it is destroyed and subsequently he receives a new deed bearing a later date and reciting that it is confirmatory of a deed dated January first under which he has been in possession since that date, and which deed has been lost, it would not be held that a search back to the date of the confirmatory deed, was due diligence in a person who had actual notice of the recital, even though accompanied by inquiry of the grantee; and, if he should take a mortgage and record it, it would not have precedence over a duly recorded mortgage, given between the dates of the first and second deeds.

The defendant Turner invokes the application of section 143 of chapter 1, part 2, Revised Statutes, and contends that the plaintiff's mortgage not containing covenants of title, it operated only upon the title which Ethan A. Pierce then had. While a mortgage, as well as an assignment of a mortgage, is a conveyance within the chapter relating to the recording of conveyances, no authority has been cited that a mortgage under the statutes of this State, is a "grant or conveyance" within the meaning of section 143 of chapter 1, part 2. Article 4 is Of alienation by deed.

At an early period at common law, before the right of an equity of redemption after condition broken had been established, the mort-

gagee (upon condition broken) became vested with an absolute and irredeemable title, for which ejectment could be maintained against the mortgagor; and the doctrine of covenants for title, was applied upon the theory that the mortgage conveyed the legal title. But there is now a broad distinction between a mortgage and even a conditional deed. No legal estate vests or is intended to vest in the mortgagee. This mortgage stands merely as security for a debt, and his interest is a chattel interest; and never, by the mere operation of a mortgage, does title vest in the mortgagee, and the absence of covenants for title in the plaintiff's mortgage does not affect the result; and a judgment decreeing the plaintiff's mortgage the prior lien is ordered, with costs.

*M. M. Waters,* for the appellant.

*Wm. G. Choate,* for the respondents.

Bockes, J.:

We are entirely satisfied with the opinion of Mr. Justice Follett in this case. We concur with him that the mortgagor in the plaintiffs' mortgage had a mortgageable interest in the premises at the time that mortgage was given and recorded. He well found, also, that the mortgagee in the defendant's mortgage had knowledge of the plaintiffs' mortgage when he took it; and the learned judge was undoubtedly right in his conclusion that the defendant Turner must be held, under the proof, to legal notice of the existence of the plaintiffs' mortgage when he accepted the assignment of his mortgage from his assignor. Therefore, neither the defendant's assignor, who was mortgagee in the security, nor the defendant himself, held the position of a *bona fide* mortgagee as against the holder of the plaintiffs' mortgage. Thus the defendant Turner could not claim priority of payment over the plaintiffs from the avails of the sale of the mortgaged premises.

We are quite willing to adopt the reasonings of Mr. Justice Follett, and his conclusions both of fact and law.

The judgment should be affirmed with costs.

Learned, P. J., and Boardman, J., concurred.

Judgment affirmed with costs.